[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Motion to dismiss (#116) by apportionment defendant for lack of subject matter jurisdiction.
P.B. sec. 143 provides that the motion to dismiss may be used to contest lack of subject matter and personal jurisdiction; improper venue; insufficiency of process; and, insufficiency of service of process. Nowhere does it authorize an attack upon thelegal sufficiency of a claim. That function is relegated to the motion to strike. P.B. 152. Therefore, as presented the motion to dismiss (116) is inappropriate. See, Gurliacci v. Mayer,218 Conn. 531, 544 (1991).
Furthermore, even if properly plead the motion to dismiss is premature under the procedural posture of this case. In this case the apportionment defendant's motion to strike was granted on/about July 15, 1997 while the apportionment defendant's instant motion was filed some 8 days subsequent to the court's ruling on the motion to strike. Under P.B. sec 157 a party whose pleading has been stricken has 15 days within which to replead. Moreover, the record is devoid of any motion for judgment against the defendant State of California regarding its apportionment complaint. Consequently, apportionment defendant's motion to dismiss is premature. Accordingly, its motion to dismiss is hereby DENIED.
BY THE COURT
MELVILLE, J.